# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **JON TSUW-JM DOE** § | |
| Plaintiff § | |
| § | |
| vs. § | |
| § | C.A. No. _____ |
| **TARLETON STATE** § | |
| **UNIVERSITY-WACO** § | |
| Defendant § | |
| § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff "**JON TSUW-JM DOE**" to file his "Plaintiff's Original Complaint" as follows:

### PREAMBLE

*TSU-WACO STUDENT DISCRIMINATED AGAINST AND TOSSED ASIDE*

*Plaintiff was a student at Defendant Tarleton State University-Waco seeking a Master of Science degree in Clinical Mental Health Counseling. Most regrettably, for no reason other than discrimination because of certain disabilities held by Jon, as well as Jon's gender and other violations of Plaintiff's civil rights by Defendant, Plaintiff was improperly expelled from school but a whiff away from graduation.*

### A.  NATURE OF THE SUIT

1. Plaintiff Jon (defined hereafter) is a male. Jon has certain Disabilities (defined hereafter) which were registered with Defendant TSU-WACO (defined

hereafter) and Accommodations (defined hereafter) were agreed to by Defendant TSU-WACO.

2. Unfortunately, Defendant TSU-WACO not only ignored Plaintiff Jon's Disabilities and Accommodations, but discriminated and expelled Jon because of Jon's Disabilities, as well as because of Jon's gender.

3. Plaintiff Jon has attempted to resolve (formally and informally) the issues set forth herein, but has been unsuccessful. Jon has been left with no choice to file this Complaint for damages and equitable relief.

4. Plaintiff Jon now files this original action for damages and equitable relief pursuant to:

(a) Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794;

(b) Title II of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12131–50 (2011);

(c) Title IX of the Education Amendments of 1972), 20 U.S.C. § 1681 et. seq.;

(d) 42 U.S.C. § 1983 with regards to:

(i) Defendant's violations of the laws of the United States; and

(ii) Defendant's denial (under the color of law) of Plaintiff Jon's equal protection, procedural due

        process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

    (iii)    Defendant's denial (under the color of law) of Plaintiff Jon's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution;

(e)    Defendant's actions in violations of provisions of the Texas Constitution; and

(f)    Defendant TSU-WACO's breach of the Educational Contract (defined hereafter).

## B.  PARTIES

5.    Plaintiff "**JON T-JM DOE**" ("Jon") is an individual residing in the State of Texas.  Because of the privacy issues involved in this matter and the real and eminent threat of further retaliation by Defendant, Jon is hereby exercising Jon's rights to proceed with this matter anonymously.

6.    The need to protect the identity of Plaintiff Jon does not hinder the defense of this matter by Defendant, for the facts are well known to the Defendant. When applying the applicable tests (created by jurisprudence applicable to this Court) to balance the needed protection of privacy versus any inconvenience to the Defendant, the protection of Jon's privacy prevails.

7. At such time as the Court might agree on procedures designed (a) to protect the privacy of Plaintiff Jon, and (b) to protect Plaintiff Jon from further retaliation, Jon's identity shall be disclosed.

8. Defendant **TARLETON STATE UNIVERSITY** ("TSU-WACO") is a public university operating in the State of Texas and may be served with citation by serving Defendant TSU-WACO's President as follows:

> **Tarleton State University-Waco**
> **Attn: F. Dominic Dottavio**
> **Office of the President**
> **1333 W. Washington**
> **Stephenville, Texas 76402**

## B. JURISDICTION and VENUE

9. The original jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under:

   (a) Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794 ("Section 504");

   (b) Title II of the Americans with Disabilities Act (ADA), 42 U.S.C.A. §§ 12131–50 (2011) ("ADA");

   (c) 20 U.S.C. § 1681 et. seq. (Title IX of the Education Amendments of 1972) ("Title IX"); and

   (d) Section 1983 of Title 42 of U.S.C. ("Section 1983"), as to:

      (i) Defendant's violations of the laws of the United

        States; and

  (ii)  Defendant's denial (under the color of law) of Plaintiff Jon's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

  (iii)  Defendant's denial (under the color of law) of Plaintiff Jon's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution;

This Court may further exercise supplemental jurisdiction over plaintiffs' claims arising under Texas law pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Western District of Texas (Waco Division) because the underlying events took place in Waco, McClennan County, Texas, as Plaintiff Jon lives in Waco, was attending Tarleton State University-Waco located at 1400 College Drive, Waco, Texas 76708, and Plaintiff Jon lives in Waco, Texas. Waco, Texas and McClennan County, Texas are within the Western District of Texas.

## C. FACTUAL ALLEGATIONS

### *Who is Plaintiff Jon?*

11. Plaintiff Jon was a student working on a Master Degree from Defendant TSU-WACO.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.14

12. Upon enrollment in Defendant TSU-WACO, Plaintiff Jon took the necessary steps to register for accommodations due to Jon's federally recognized disabilities ("Jon's Disabilities") as allowed by Jon's Section 504 rights. As a result, Jon was granted certain "Accommodations."

13. Upon Plaintiff Jon's enrollment with Defendant TSU-WACO, various agreements were entered into and policies in place which formed the contractual basis for Jon's studies at Defendant TSU-WACO (hereafter, collectively referred to as the "Educational Contract").

14. As shall be further detailed in a subsequent first-amended complaint, Defendant TSU-WACO has breached the Educational Contract between Plaintiff Jon and Defendant TSU-WACO.

### *Harm to Jon.*

15. For the purposes of this matter and as shall be further detailed in a subsequent first-amended complaint, Defendant TSU-WACO's discrimination of Plaintiff Jon because of Jon's Disabilities; Defendant TSU-WACO's failure to provide Plaintiff Jon's Accommodations; Defendant TSU-WACO's discrimination of Plaintiff Jon because of his male gender, and TSU-WACO's breach of the Educational Contract shall be collectively referred to hereafter as the "Civil Rights Violations."

16. Plaintiff Jon has suffered severe physical, emotional, and economic harm as a result of the Civil Rights Violations committed by Defendant TSU-WACO and shall suffer future physical, emotional, and economic harm.

17. The Civil Rights Violations committed by Defendant as to Plaintiff Jon were intentional and in bad faith, made with full knowledge that the damage to Plaintiff Jon would follow Jon for the rest of his life, constituting conscious indifference by Defendant TSU-WACO.

### *Defendant's Action Under the Color of State Law.*

18. The administrators, participating in Defendant TSU-WACO's Civil Rights Violations as to Plaintiff Jon, are the applicable persons delegated with implementing and were implementing the policies and customs of Defendant TSU-WACO when committing the Civil Rights Violations of Plaintiff Jon.

19. Further, if such policies are not, in fact written, each of the administrators participating in Defendant TSU-WACO's Civil Rights Violations as to Plaintiff Jon were implementing the policies and customs of Defendant TSU-WACO in accord with the customs and practices of Defendant TSU-WACO.

### *Administrative Remedies.*

20. There are no administrative remedy preconditions ("Preconditions") required prior to seeking relief under the laws being invoked herein by Plaintiff Jon.

Even if such Preconditions did exist, the actions of Defendant have shown that such efforts would be futile or are otherwise moot.

21. As a result of Defendant's Civil Rights Violations targeted at Plaintiff Jon, Plaintiff Jon was forced to engage an attorney and pursue this action to redress such wrongs.

22. All conditions precedent to Plaintiff Jon bringing these claims have been met.

### E. PLAINTIFF'S CAUSES OF ACTION

23. Plaintiff Jon incorporates by reference the facts set forth in Article D: FACTUAL ALLEGATIONS hereof.

### COUNT ONE: SECTION 504 VIOLATIONS

24. As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant TSU-WACO falls under the jurisdiction and requirements of Section 504.

25. As mandated by Section 504, Defendant TSU-WACO is prohibited from discriminating against students having been diagnosed with various disabilities.

26. Plaintiff Jon's Disabilities qualify as disabilities covered by Section 504, and Defendant TSU-WACO's Civil Rights Violations against Jon are direct violations of Section 504.

27. Defendant TSU-WACO's Civil Rights Violations against Plaintiff Jon in violation of Section 504 have caused Plaintiff Jon to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sues in accord with Section 504.

28. Defendant TSU-WACO's Civil Rights Violations against Plaintiff Jon in violation of Section 504 have caused Plaintiff Jon to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sues in accord with Section 504.

## COUNT TWO: ADA VIOLATIONS

29. As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant TSU-WACO falls under the jurisdiction and requirements of the ADA.

30. As mandated by the ADA, Defendant TSU-WACO is prohibited from discriminating against students having been diagnosed with various disabilities.

31. Plaintiff Jon's Disabilities qualify as disabilities covered by the ADA, and Defendant TSU-WACO's Civil Rights Violations against Jon are direct violations of Section 504.

9

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.14

32. Defendant TSU-WACO's Civil Rights Violations against Plaintiff Jon in violation of the ADA have caused Plaintiff Jon to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sues in accord with the ADA.

33. Defendant TSU-WACO's Civil Rights Violations against Plaintiff Jon in violation of the ADA have caused Plaintiff Jon to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sues in accord with the ADA.

## COUNT THREE: TITLE IX

34. As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant TSU-WACO falls under the jurisdiction and requirements of Title IX.

35. The gender nature of the Civil Rights Violations committed by Defendant TSU-WACO towards Plaintiff Jon are so severe, pervasive, and objectively offensive that Plaintiff Jon was deprived access to educational opportunities or benefits provided by Defendant TSU-WACO, such denial being in violation of Title IX.

36. Defendant TSU-WACO and its officials had actual knowledge of the referenced Title IX violations committed against Plaintiff Jon.

37. Defendant TSU-WACO failed to take immediate, effective remedial steps to resolve the referenced Title IX violations committed against Plaintiff Jon.

38. Rather, Defendant TSU-WACO acted with deliberate indifference toward Plaintiff Jon.

39. Defendant TSU-WACO persisted in its actions and inaction even after Defendant TSU-WACO had actual knowledge of the harm being suffered by Plaintiff Jon.

40. Defendant TSU-WACO engaged in a pattern and practice of behavior designed to discourage and dissuade other students (who were also threatened with, and subjected to, similar Title IX violations) from seeking protection from, and prosecution of, Title IX violations.

41. Plaintiff Jon has suffered economic, emotional distress, and psychological damage to Jon's character, prestige, standing in Jon's community as well as a loss of benefits and opportunities as a direct and proximate result of Defendant TSU-WACO's deliberate indifference to Plaintiff Jon's rights under Title IX.

42. The Civil Rights Violations committed by Defendant TSU-WACO towards Plaintiff Jon were intentional discrimination based on Plaintiff Jon's gender, in violation of Title IX.

43. As a result of the foregoing, Plaintiff Jon hereby seeks recovery of all actual and consequential damages available to her in accordance with Title IX.

## COUNT FOUR: SECTION 1983 VIOLATIONS

44. Section 1983 of Title 42 of the United States Code provides, in part,:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, and citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the part injured in an action at law, suit in equity, or other proper proceeding for redress…"

45. Defendant TSU-WACO's Civil Rights Violations were committed against Plaintiff Jon under the color of law and resulted in the violation of Plaintiff Jon's rights under the United States Constitution and other federal laws.

46. Specifically, Defendant TSU-WACO's Civil Rights Violations were committed under the color of law and resulted in the violation of Plaintiff Jon's rights under:

    (a)    Section 504;

    (b)    the ADA;

    (c)    Title IX;

    (d)    the procedural due process requirements of the United States Constitution as set forth in the Fourteenth Amendment, in violation of Jon's Property Rights;

    (e)    the substantive due process requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jon's Property Rights;

    (f)    the equal protection requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jon's Property Rights; and

    (g)    the freedom of speech rights guaranteed by the First Amendment of the Constitution of the United States.

47.    Defendant TSU-WACO's Civil Rights Violations of Plaintiff Jon, in violation of Section 1983 have caused Plaintiff Jon to suffer harm entitling Jon equitable relief under Section 1983.

48.    Plaintiff Jon seeks equitable relief to which Plaintiff Jon is entitled by Section 1983, including but not being limited to:

    (a)    the reinstatement of Jon as a student in good standing with Defendant TSU-WACO; and

    (b)    the removal and expungement of all negative actions taken by Defendant TSU-WACO against Jon.

## COUNT FIVE: VIOLATIONS OF THE TEXAS CONSTITUTION

49. As a university owned and operated by the State of Texas, Defendant TSU-WACO's action are also subject to scrutiny of protections created by the Texas Constitution.

50. Defendant TSU-WACO's Civil Rights Violations against Plaintiff Jon were committed under the color of law and resulted in the violation of Plaintiff Jon's' rights under the Constitution of the State of Texas.

51. Specifically, Defendant TSU-WACO's Civil Rights Violations committed towards Jon were committed under the color of law and resulted in the violation of Plaintiff Jon's rights under:

   (a) the procedural due process requirements of the Texas Constitution found in Article 1, Section 19;

   (b) the substantive due process requirements of the Texas Constitution found in Article 1, Section 19;

   (c) the equal protection requirements of the Texas Constitution found in Article I, Section 3; and

   (d) the freedom of speech provisions of the Texas constitution.

Hereafter, the foregoing shall be collectively referred to as "Violations of the Texas Constitution."

52. Defendant TSU-WACO's Violations of the Texas Constitution as to Plaintiff Jon have caused Plaintiff Jon to suffer a loss of benefits and created economic losses.

53. Defendant TSU-WACO's Violations of the Texas Constitution as to Plaintiff Jon have caused Plaintiff Jon to suffer mental and emotional distress and damages.

54. Although Plaintiff Jon, as a private party living in the State of Texas, has no standing to seek monetary damages for the Defendant TSU-WACO's Violations of the Texas Constitution as to Plaintiff Jon, Plaintiff Jon does seek the equitable relief to which Plaintiff Jon is entitled by Texas jurisprudence, including but not being limited to:

    (a) the reinstatement of Jon as a student in good standing with Defendant TSU-WACO; and

    (b) the removal and expungement of all negative actions taken by Defendant TSU-WACO against Jon.

## COUNT SIX: BREACH OF CONTRACT

55. Defendant's Civil Rights Violations committed against Plaintiff Jon included a breach of the Educational Contract.

56. Plaintiff Jon has suffered economic damage as a direct and proximate result of Defendant TSU-WACO's breach of the Educational Contract.

57.     As a result of the foregoing, Plaintiff Jon hereby seeks recovery all actual and consequential damages available to Jon arising from such breach.

## COUNT SEVEN: PUNITIVE DAMAGES

58.     Defendant TSU-WACO's Civil Rights Violations against Plaintiff Jon were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jon's federally protected rights, thereby entitling Plaintiff Jon to punitive damages pursuant for which Plaintiff Jon now seeks in an amount of $ 1,000,000.00.

59.     Defendant TSU-WACO's Civil Rights Violations against Plaintiff Jon were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jon's rights under the Educational Contract, thereby entitling Plaintiff Jon to punitive damages pursuant for which Plaintiff Jon now seeks in an amount of $ 1,000,000.00.

## COUNT EIGHT: POST JUDGMENT INTEREST

60.     Plaintiff Jon also requests post judgment interest as may be allowed by applicable law.

## COUNT NINE: ATTORNEYS' FEES

61.     Plaintiff Jon should be awarded Jon's reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

## F.   REQUEST FOR JURY

62.   Plaintiff Jon hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution.

## G.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jon prays that: summons be issued upon Defendant; upon final trial hereof, that judgment be entered in favor of Plaintiff Jon for the actual, consequential, and exemplary damages set forth herein including post judgment interest; that Plaintiff Jon be granted the equitable relief be granted; that Plaintiff Jon be reimbursed his reasonable and necessary attorneys' fees required to bring this matter; all costs of Court be taxed against Defendant; and that Plaintiff Jon have such further and other relief, general and special, both at law or in equity, to which Jon may show himself to be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

By: _____
Terry P Gorman, Esq.
Texas Bar No. 08218200
Chigozie F. Odediran, Esq.
Texas Bar No. 24098196
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (512) 980-4556 (direct)
Telecopier: (512) 597-1455
**ATTORNEYS FOR PLAINTIFF**
**JON TSUW-JM DOE**

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.14